UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. RANDY J. COMEAUX | CIVIL ACTION |
| VERSUS | NO. 10-494 |
| W&T OFFSHORE, INC., ET AL. | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is the "Motion to Dismiss Relator's Complaint" (Rec. Doc. 30) filed by Defendant W&T Offshore, Inc. ("Defendant").[1]  For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** to the extent that the claims asserted by Relator, Randy J. Comeaux, against Defendant, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, if Relator desires to proceed further with his claims, he must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file an amending and superseding complaint remedying the pleading deficiencies identified herein, and taking into account the assertions made by Defendants in their memoranda (Rec. Docs. 30-1 and 53). The amending and superseding complaint must include all of the allegations from Relator's original complaint (Rec. Doc. 1) on which he continues to rely, as well as his additional allegations. If Relator cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon motion by Defendant, order its dismissal of Relator's federal law claims to be with

---

[1]  Relator previously dismissed without prejudice his claims against Defendants Petrobras America, Inc., Bandon Oil & Gas, LP and Beryl Oil & Gas LP. *See* Rec. Doc. 49.

prejudice.

## BACKGROUND

Relator purports to allege claims against Defendant under the False Claims Act, 31 U.S.C. §3729, *et seq.*, arising out of conduct occurring between March 4, 2009 and November 22, 2009, on certain of Defendant's fixed offshore oil production platforms, following oil discharges into the Gulf of Mexico. Specifically, Relator alleges Defendant failed to properly record the discharges in its internal reports, as required, and submitted false water samples and lab reports to the Environmental Protection Agency. According to Relator, Defendant's actions were taken to enable it to continue its drilling operations, pursuant to federal oil and gas leases,[2] and to avoid paying for associated remediation costs, civil fines, penalties, and royalties. In response, Defendant contends that Relator's allegations fail to state a claim upon which relief can be granted, and fail to satisfy the particularity requirement of Rule (9) of the Federal Rules of Civil Procedure. Thus, Defendant seeks dismissal with prejudice of Relator's claims.

## LAW AND ANALYSIS

### I. Legal Principles

In its motion, Defendant contends that Relator's allegations fail to state a viable claim under the False Claims Act ("FCA"), 31 U.S.C. §3729(a). Claims brought under the False Claims Act must satisfy the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. *See, e.g., United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998).

---

[2] The leases exist pursuant to the Section 8 of the Outer Continental Shelf Lands Act (OCSLA), 67 Stat. 462, 43 U.S.C. §1337), as amended, and the regulations pertaining thereto.

Rule 8 requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, in evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal,* 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* (internal quotations

3

omitted). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citations omitted). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

In addition to Rule 8(a)(2)'s pleading demands, Rule 9(b) supplements Rule 8(a), if fraud is alleged, by requiring circumstances allegedly constituting fraud be stated with particularity. *See* Fed. R. Civ. Proc. 9(b); *Grubbs,* 565 F.3d at 185. Thus, Rule 9(b) generally requires the plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud." *See, e.g., United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (2010) (claimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent").

4

Significantly, however, courts must realistically observe that "there is no single construction of Rule 9(b) that applies in all contexts." *Grubbs*, 565 F.3d at 188. Indeed, the Fifth Circuit has explained that the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Id.* at 190. "Rather, the rule is context specific and flexible and must remain so to achieve the remedial purpose of the False Claim Act." *Id.* Thus, for instance, with a False Claims Act "presentment claim," brought pursuant to 31 U.S.C. §3729(a)(1)(A), a relator's complaint may survive, even absent allegations of the details of an actually submitted false claim, *e.g.,* billing numbers, dates, and amounts, "by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id*.

On the other hand, a relator cannot bypass Rule 9(b)'s pleading requirements simply by premising its allegations "on information and belief." *Thompson,* 125 F.3d at 903. To the contrary, though fraud may be alleged on information and belief if the "facts relating to the fraud are peculiarly within the perpetrator's knowledge," the complaint nevertheless "must set forth a factual basis for such belief." *Id.*

## II. Application of Legal Principles

Having carefully reviewed the parties' submissions and applicable law, the Court finds Relator's allegations, as presently plead, to be legally inadequate to state a claim for relief under the False Claims Act.[3] The Court reaches this conclusion for essentially the reasons set forth

---

[3] Relator purports to assert claims under 31 U.S.C. §3729(a)(1)(B) and §3729(a)(1)(G), as well as the pre-amendment version of the statute. The statute presently provides in pertinent part:

**31 U.S.C. §3729 (a) Liability for certain acts.**
**(1) In general.** Subject to paragraph (2), any person who--
**(A)** knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

in Defendant's original and supplemental supporting memoranda. *See* Rec. Docs. 30-1 and 53.

With respect to Relator's false certification claims, asserted pursuant to §3729(a)(1)(B), his allegations do not aver satisfaction of the prerequisite requirement that is necessary to state a viable false certification claim for purposes of the False Claims Act. *See Steury,* 625 F.3d at 268-69. In other words, Relator does not allege, and the lease attached as Exhibit "D" to his opposition memorandum (Rec. Doc. 46-4) does not show, that Defendant's continued receipt of a government benefit, that is, its operations under the applicable leases, was

---

**(B)** knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

\* \* \*

**(G)** knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
is liable to the United States Government [.]

This provision applies to conduct occurring after May 20, 2009.

Prior to the 2009 amendment, the statute provided, in pertinent part:
**31 U.S.C. §3729 (a) Liability for certain acts.**
"Any person who--
"(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
"(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or]

\* \* \*

"(7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
is liable to the United States Government [.]

conditioned upon its accurate certification of compliance with applicable statutory and regulatory provisions. Rather, the lease provides that the Lessor (the United States) "may suspend or cancel this lease"; that the lease "shall be subject to cancellation"; and that "the Lessor may exercise any other remedies which the Lessor may have, including the penalty provisions of section 24 of the [OCSLA]." *See* Rec. Doc. 46-4 (Secs. 13 and 23). Significantly, the lease does not mandate cancellation. *Id.* As recognized by the Fifth Circuit, "the Government's ability to seek a range of remedies in the event of noncompliance suggests that payment is not conditioned on a certification of compliance." *Steury,* 625 F.3d at 269-70.

Similarly, although Relator contends that Defendant's continued operations under the leases are conditioned upon its having a National Pollution Discharge Elimination System ("NPDES") permit, Relator again fails to allege that Defendant's retention of the necessary permits was contingent upon compliance with applicable statutory and regulatory provisions. Indeed, as Defendant points out, despite its subsequent admission to criminal violations of NPDES permit requirements,[4] Relator does not contend that the Defendant's permit has been revoked, or that Defendant no longer operates pursuant to the lease in question there. Thus, as presently stated, the Court finds Defendant's purported "false certification" claim deficient.[5]

Relator's "reverse false claims," asserted pursuant to §3729(a)(1)(G), likewise fail.[6]

---

[4] *See United States v. W&T Offshore, Inc.*, Criminal Action No. 12-312, Sec. "L" (Rec. Docs. 14, 15 and 17).

[5] Given that it involved alleged false statements made in pre-production permit applications, the decision in *Abbott v. BP Exploration and Produciton, Inc.*, 7781 F. Supp.2d 453 (S.D. Tex. 2011), which was cited by Relator, is distinguishable.

[6] The Court finds the result to be the same regardless of whether the current or pre-May 30, 2009 version of the statute is considered.

As an initial matter, Relator's opposition memorandum belatedly acknowledges his claims regarding the alleged avoidance of potential environmental fines, penalties, and remediation costs are precluded by the Fifth Circuit's opinion in *United States ex rel Marcy v. Rowan Cos.,* 520 F.3d 384, 390-92 (5th Cir. 2008).[7]  Relator's claims concerning Defendant's alleged failure to pay royalties purportedly owed, relative to the spilled oil, fare no better.  As Defendant's memoranda explain, Relator has not alleged falsification of records material to Defendant's *royalty* obligations, or facts sufficient to support an inference that Defendant's actions were done to knowingly conceal, or knowingly and improperly avoid or decrease those obligations, rather than its exposure to potential *environmental* and *safety* penalties.  For instance,  Relator's complaint makes no mention of applicable forms utilized to document oil and gas production and royalties remitted, *i.e*. MMS-4054 and  MMS-4014.[8]  Instead, Relator refers only to documentation utilized for environmental and operational safety purposes, *i.e.,* MMS Form 133 reports, the "Oil Record Book", and daily NPDES reports.[9]  Nor does Relator allege, in accordance with Rule 9's "particularity" requirement, the persons charged with collecting and reporting production and royalty information, how that information actually is calculated, or that the pertinent information actually was not reported, or royalties paid, as required.  As stated above, naked assertions and conclusory statements are not

---

[7]   *See* Rec. Doc. 46, pp. 9, 11-12.

[8]   Following organizational changes within the Department of Interior, in May and June 2010, resulting in the creation of the Office of Natural Resources Revenue ("ONRR"), and the elimination of the Minerals Management Service ("MMS"), these forms are now referred to as ONRR-4054  and  ONRR-2014. *See* 30 U.S.C. §1713; 30 C.F.R. §§1210.52, 1210.102; http://www.onrr.gov/.

[9]   *See* 33 C.F.R. §151.25; 30 C.F.R. § 250.468;  33 U.S.C. § 1342.  The MMS Form 133 report is now referred to as Bureau of Safety and Environmental Enforcement ("BSEE") Form 133. The BSEE was established on October 1, 2011 as part of a major reorganization of the Department of the Interior's offshore regulatory structure. *See* http://www.bsee.gov/.

sufficient.

## **CONCLUSION**

As stated herein, **IT IS ORDERED** that the motion to dismiss presently before the Court is granted. Any amendments ordered by the Court are to be made, in accordance with the Court's instructions stated above, no later than twenty (20) days following entry of this Order and Reasons.

New Orleans, Louisiana, this 6th day of August 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**